**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Bylsma and Jacqueline Bylsma, | No. CV 08-1216-PHX-MHM |
| Plaintiffs, | **ORDER** |
| vs. | |
| United States of America, | |
| Defendant. | |

Currently before the Court is Defendant United States of America's Motion for Summary Judgement. (Dkt. #47). After reviewing the pleadings, and determining that oral argument is unnecessary, the Court issues the following Order.

**I: FACTUAL BACKGROUND**

This suit concerns a claim for medical negligence brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.*, concerning treatment Plaintiff, James Bylsma, received from the Southern Arizona V.A. Health Care System. (Defendant's Statement of Facts (DSOF), p.1, ¶1). In 2001, at the age of 65, Mr. Bylsma began receiving treatment at an Arizona V.A. clinic. (Id. at ¶2). Prior to beginning his treatment at the V.A., he had never received a colonoscopy or other forms of colon cancer screening. (Id. at ¶3). Between 2001 and 2007, clinic doctors offered Mr. Bylsma Fecal Occult Blood Testing (FOBT) cards

1  on at least an annual basis.[1] (Id. at ¶4). The Parties disagree concerning whether or not Mr. Bylsma was given the FOBTs as a colon cancer screening test. (Plaintiffs' Statement of Facts (PSOF), p. 2, ¶5). Mr. Bylsma's medical records show that he never returned an FOBT card. (DSOF, p.2, ¶6). In February 2007, Mr. Bylsma's doctors diagnosed him with stage IV colon cancer. (Id. at ¶7). The Parties disagree concerning whether or not Mr. Bylsma would have taken a colonoscopy had one been offered to him. (PSOF, p.4, ¶¶10–11).

**II:   LEGAL STANDARD**

A motion for summary judgment may be granted only if the evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). To defeat the motion, the non-moving party must show that there are genuine factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleadings, but ... must set forth specific facts showing that there is a genuine issue for trial." Rule 56(e). See Matsushita Elec. Indus. Co., v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The evidence must be viewed in the light most favorable to the nonmoving party. Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001) (en banc).

**III:  DISCUSSION**

In medical negligence claims brought under the FTCA, liability and damages are governed by the law of the state in which the conduct complained of occurred. 28 U.S.C. § 1346(b)(1); Epling v. United States, 453 F.2d 327 (9th Cir. 1971). Accordingly, Arizona

---

[1]"The fecal occult blood test is one of a variety of colorectal cancer screening tests. When doctors test for fecal occult blood, they are testing for the presence of microscopic or invisible blood in the stool, or feces. Fecal occult blood can be a sign of a problem in your digestive system, such as a growth, or polyp, or cancer in the colon or rectum." Cleveland Clinic: Fecal Occult Blood Test, http://my.clevelandclinic.org/services/Fecal_Occult_Blood_Test/hic_Fecal_Occult_Blood_Test.aspx, (last visited Nov. 18, 2009).

substantive law governs this FTCA action because the acts alleged occurred in Arizona. Under Arizona law, to demonstrate an injury resulting from the failure of a health care provider to follow the accepted standard of care, Plaintiffs must prove:

1. The health care provider failed to exercise that degree of care, skill and learning expected of a reasonable, prudent health care provider in the profession or class to which he belongs within the state acting in the same or similar circumstances.

2. Such failure was a proximate cause of the injury.

A.R.S. § 12-563. "[A] plaintiff in a medical malpractice lawsuit must prove the causal connection between an act or omission and the ultimate injury through expert medical testimony, unless the connection is readily apparent to the trier of fact." Barrett v. Harris, 207 Ariz. 374, 378 (App. 2004).

Defendant concedes there is a disputed issue of material fact concerning whether the health care providers at Phoenix V.A. Medical Center complied with the standard of care in their treatment of Mr. Bylsma. (Dkt. 50, p.4). Instead, it argues that summary judgement is appropriate because Plaintiffs have not produced expert testimony necessary to establish causation. (Id.). Specifically, Defendant contends that none of Plaintiffs' medical experts testified that Mr. Bylsma would have undergone a colonoscopy if one had been offered to him, and, therefore, Plaintiff cannot show that Mr. Bylsma's doctors' failure to recommend he undergo a colonoscopy caused his injury. (Id.). The record shows, however, and Defendant admits, that Plaintiffs' experts testified that "if the Southern Arizona V.A. had offered Mr. Bylsma a colonoscopy, his cancer would have been prevented altogether or discovered and treated at an early stage with low morbidity." (Id.). Defendant's emphasis on the fact that Plaintiffs' experts did not also testify that Mr. Bylsma would actually have undergone the colonoscopy is misguided.

In Gorney v. Meaney the Arizona Court of Appeals held that in a medical malpractice suit based on informed consent, expert testimony is not required to prove that a plaintiff would have declined a treatment had he been provided with the appropriate information. 214

1  Ariz. 226, 231 (App. 2007). In so doing, it reasoned that "[e]xpert testimony is not required
2  . . . because it is plainly a matter to which plaintiffs themselves could testify and is within the
3  knowledge of the average layperson." Id. The Gorney Court's logic applies equally well to
4  the instant case, where the factual issue in question is merely a different side of the same
5  coin; whether Mr. Bylsma would have accepted a treatment instead of whether he would
6  have declined it. The record before this Court shows that Mr. Bylsma testified concerning
7  this matter, stating he would have had a colonoscopy had one been offered to him. (PSOF,
8  p.4, ¶10). This evidence directly contradicts the finding of Defendant's family medicine
9  expert, who testified, that more likely then not, Mr. Bylsma would not have refused a
10 colonoscopy if it had been recommended to him. (Dkt. #50, p.4). Accordingly, Plaintiffs'
11 claim does not fail as a matter of law and they have produced enough evidence for a
12 reasonable juror to infer that Mr. Bylsma would have undergone a colonoscopy had one been
13 offered to him. There remain, therefore, disputed issues of material fact concerning both the
14 duty of care and causation that must be resolved at trial.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Defendant's Motion for Summary Judgement. (Dkt. #47).

**IT IS FURTHER ORDERED** setting a status hearing on January 11, 2010 at 4:00 p.m. to set a trial date.

DATED this 20th day of November, 2009.

_____
Mary H. Murguia
United States District Judge